IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JIM JONES,<br><br>          Plaintiff,<br><br>     v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>          Defendant. | CASE NO. 04-5660RJB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 3O, 2005 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Magistrates Rule MJR 4(a)(4), and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). This matter has been fully briefed. After reviewing the record, the undersigned recommends that the decision of the Commissioner be AFFIRMED.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was 45 years old on his date last insured in 1989 (Tr. 20). He obtained more than a high school education and performed past relevant work as a cabinet maker and remodeler (Tr. 14, 96). He protectively applied for Title II disability benefits on January 18, 2002, alleging disability beginning January 1, 1989, because of Parkinson's disease (Tr. 14, 87). An administrative law judge ("ALJ") held a hearing on November 18, 2003, at which the she heard testimony from two

REPORT AND RECOMMENDATION - 1

witnesses: Plaintiff, who was represented by counsel; and Darlene Jones, Plaintiff's wife (Tr. 13, 197-240). On April 7, 2004, the ALJ issued a decision denying Plaintiff's application for Title II disability benefits (Tr. 14-22). Plaintiff requested administrative review, but the Appeals Council declined to review (Tr. 5-7), making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. 20 C.F.R. 20 C.F.R. §§ 404.981, 416.1481, 422.210.

## DISCUSSION

The Court may set aside the Commissioner's denial of Social Security disability benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. 42 U.S.C. §405(g); Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). We consider the evidence as a whole, weighing both evidence that supports, and evidence that detracts from the Commissioner's conclusion. Smolen v. Chater, 80 F.3d 1273 (9th Cir. 1996). Credibility determinations are the province of the ALJ. Fair v. Bowen, 885 F.2d 597, 603 ( 9th Cir. 1989).

**Sequential Evaluation Process**

The claimant bears the burden of proving that he is disabled within the meaning of the Social Security Act. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months[.]" 42 U.S.C. § 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §416.905.

In evaluating Plaintiff's claim, the ALJ followed the five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security regulations. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); Bowen v. Yuckert, 482 U.S. 137, 140 (1987);

REPORT AND RECOMMENDATION - 2

20 C.F.R. § 416.920 (2000).  The Plaintiff has the burden of proof at steps one through four; at step five the burden shifts to the Commissioner to show that Plaintiff can perform work that exists in significant numbers in the national economy.

**Findings of Administrative Law Judge**

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant period from his alleged onset date through his date last insured, December 31, 1989 (Tr. 21, Finding 2). See 20 C.F.R. § 404.1520(b).  At step two, the ALJ found that prior to his date last insured, Plaintiff's Parkinson's disease was a severe impairment (Tr. 21, Finding 3). See 20 C.F.R. § 404.1520(c).  At step three, the ALJ found that Plaintiff's impairments did not meet or equal the requirements of a listed impairment (Tr. 21, Finding 4). See 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).  The ALJ determined that during the relevant time period, Plaintiff had the RFC to perform a reduced range of light work with postural and vocational non-exertional limitations (Tr. 21, Finding 6). See 20 C.F.R. § 404.1567 (defining exertional levels of work); see also Social Security Ruling (SSR) 83-10, available at 1983 WL 31251 (same).  At step four, the ALJ found that Plaintiff was not able to perform any of his past relevant work (Tr. 21, Finding 7). See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f).  At step five, the ALJ found that, based on the above residual functional capacity, Plaintiff could perform work existing in significant numbers in the national economy (Tr. 21, Findings 12-13). See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g).

Plaintiff alleges the following errors:1) the ALJ erred in assessing the opinion of Plaintiff's treating physicians; 2) the ALJ erred in assessing Plaintiff's residual functional capacity ("RFC") and Plaintiff's credibility; and 3) the ALJ erred in assessing the lay witness testimony of plaintiff's wife.

*A. THE ALJ PROPERLY EVALUATED THE MEDICAL EVIDENCE*

Whether a medical source's opinion will be given significant weight depends on such things as the length of the examining relationship; treatment relationship including the nature and extent of the treatment relationship; the degree to which the treating source's opinion is

REPORT AND RECOMMENDATION - 3

supported by medical signs and laboratory findings; and its consistency with the rest of the evidence. See 20 C.F.R §§ 404.1527(d), 416.927(d). The ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and reject the uncontradicted treating or examining physician opinion by providing clear and convincing reasons, supported by substantial evidence in the record. Holohan v. Massanari, 246 F.3d 1195, 1202-03 (9th Cir. 2001).

Dr. Patterson opined in 2002 and 2003 that Plaintiff was functionally disabled secondary to symptoms from Parkinson's disease (Tr. 152, 180-81). The ALJ rejected or discredited this opinion suggesting that Mr. Jones was disabled back in 1989, noting that they were written at least thirteen years after the fact, and directly contradicted the physician's own contemporaneous notes and observations (Tr. 19). After addressing Mr. Jones' and his wife's testimony, the ALJ wrote:

> The contemporaneous notes of his treating doctor paints a picture of an individual with mild and stable symptoms for many years. For these reason I cannot give great weight to Dr. Patterson's letters of October 9, 2002 and November 24, 2003 (exhibits 3F & 8F). While these statements strongly suggest that during the period in question the claimant was severely limited by his Parkinson's disease, I note that they were written at least thirteen years after the fact, and seem to directly contradict the physician's own notes and observations which were recorded at the actual time in which the claimant's limitations need to be contemplated.

(Tr. 18-19).

The ALJ reasonably noted that the physician's latter opinions did not accurately reflect Plaintiff's actual ability during the relevant time frame before his date last insured (December 31, 1989). This Court should find no error in the ALJ's review of the treating physician's opinions.

**B. THE ALJ PROPERLY CONSIDERED PLAINTIFF'S COMPLAINTS AND LAY WITNESS TESTIMONY**

Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints. Bunnell requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not

REPORT AND RECOMMENDATION - 4

'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)).  An ALJ may reject a claimant's subjective complaints, if the claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job.  Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) However, as further explained in Fair v. Bowen, *supra*, and Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996), the Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferrable to a work environment where it might be impossible to rest periodically.  Similarly, the ALJ can reject the testimony of lay witnesses only if s/he gives reasons germane to each witness whose testimony s/he rejects.  Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

Here, the ALJ found Plaintiff's testimony was credible to the extent that he was not able to perform the functions of his job as a cabinet-maker (Tr. 18). She noted that there was objective evidence in the file that this work fatigued him and he was unable to sustain a full work day performing medium exertional work during the period in question (Tr. 18).  However, the ALJ noted that Plaintiff's testimony was not credible to the extent that he was not capable of performing less strenuous work (Tr. 18).  As noted above the ALJ relied on the contemporaneous medical records to support this decision and the ALJ noted that he continued to work in some capacity in his business until 2002 (Tr. 219). The ALJ similarly considered the testimony from his wife (Tr. 18).  In contrast to Plaintiff's allegations, the statements were not ignored, but were considered and weighed appropriately (Tr. 18).

*C. THE ALJ'S PROPERLY DETERMINED PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY*

If the ALJ cannot determine whether a claimant is disabled based on a claimant's current work activity or on medical facts alone, and a claimant has a severe impairment(s), a review is made of the claimant's residual functional capacity ("RFC") and the physical and mental demands of the

REPORT AND RECOMMENDATION - 5

1  work a claimant did in the past. 20 C.F.R. § 404.1520(e).  "[R]esidual functional capacity" is "the
2  maximum degree to which the individual retains the capacity for sustained performance of the
3  physical- mental requirements of jobs." 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c) (emphasis
4  added).  "When we assess your physical abilities, we first assess the nature and extent of your
5  physical limitations and then determine your residual functional capacity for work activity on a
6  regular and continuing basis." Id. at § 404.1545(b)

7        The ALJ found that before his date last insured, Plaintiff had the RFC to perform a reduced
8  range of light exertional level work with non-exertional limitations, including occasional postural
9  limitations, no climbing of ladders, ropes, or scaffolds, and was limited in gross manipulation (Tr. 21,
10 Finding 6).  The ALJ's evaluation of Mr. Jones' RFC is consistent with the contemporaneous
11 medical records and the ALJ's reliance on the fact that Mr. Jones worked to a limited extent in the
12 family business through 2002.  Because the ALJ's residual functional capacity finding accurately
13 reflected plaintiff's limitations, her decision is free of error.

**CONCLUSION**

15       The Commissioner 's decision is supported by substantial evidence in the record and free of
16 legal error.  Accordingly, the decision of the Commissioner is AFFIRMED. Pursuant to 28 U.S.C. §
17 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days
18 from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file
19 objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474
20 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set
21 the matter for consideration on **September 30, 2005**, as noted in the caption.

22       DATED this 16th day of September, 2005.

23                                         */s/ J. Kelley Arnold*
                                        J. Kelley Arnold
24                                         U.S. Magistrate Judge

26 REPORT AND RECOMMENDATION - 6