UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JIM L. JONES,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

Case No. 04-5660RJB

ORDER ADOPTING THE REPORT AND RECOMMENDATION AND AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS

    This matter comes before the Court on the Report and Recommendation of Judge J. Kelley Arnold (Dkt. 13) and the Plaintiff's Objections to Report and Recommendation of Magistrate Judge (Dkt. 14). The court has reviewed the Report and Recommendation, the plaintiff's objections, and the file herein.

## I. PROCEDURAL BACKGROUND

    The Report and Recommendation recommends that the court affirm the administrative law judge's ("ALJ") evaluation of the medical evidence, weighing of the lay witness testimony, and determination of the plaintiff's residual functional capacity ("RFC"). On September 27, 2005, the plaintiff submitted his objections to the report and recommendation.

ORDER - 1

## II. DISCUSSION

The plaintiff first objects on the ground that the ALJ improperly assessed the treating physician's 2003 opinion that the claimant was functionally disabled in 1989 because the treating physician examined the plaintiff in 1989 and noted that the plaintiff reported a significant disabling tremor and panic symptoms. An ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The opinion of the plaintiff's treating physician was properly rejected. The ALJ rejected the opinion on the grounds that it was written at least thirteen years after the relevant time period. The ALJ also noted that the opinion contradicted the notes the physician took at the time, which indicated that the plaintiff's condition was mild and stable. The court should adopt the Report and Recommendation's finding that the ALJ did not err in assessing the treating physician's opinion.

Second, the plaintiff objects, contending that the ALJ erroneously concluded that the plaintiff's testimony was not credible with respect to his ability to do work less strenuous than cabinetmaking and discounted the testimony of the plaintiff's wife without explanation. An ALJ must consider the testimony of lay witnesses if the plaintiff's alleged symptoms are not supported by the medical record. *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996). Such testimony may be rejected if the ALJ gives reasons germane to each witness. *Id.* The plaintiff and his wife both testified about the plaintiff's limitations. This testimony was contradicted by the fact that the plaintiff continued to work until 2002 and by the plaintiff's 1989 medical records. The court should therefore adopt the Report and Recommendation's finding that the ALJ properly weighed the testimony of the plaintiff and his wife.

Third, the plaintiff objects on the grounds that the ALJ erroneously assessed the plaintiff's residual functional capacity on two grounds. He first contends that the ALJ failed to complete a function-by-function assessment of the plaintiff's ability. The plaintiff does not cite any limitations that the ALJ failed to consider, however, so the failure to conduct such an assessment constitutes harmless error. The plaintiff also contends that the ALJ erred in not employing a vocational expert. At step five of the disability evaluation process, the ALJ must demonstrate that the claimant is able

ORDER - 2

1  to do a significant number of jobs in the national economy by employing the testimony of a
2  vocational expert or by referring to the Commissioner's Medical-Vocational Guidelines (the
3  "Grids"). *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). The plaintiff contends that
4  *Reddick v. Chater*, 157 F.3d 715, 729 (9th Cir. 1998), requires the use of vocational expert
5  testimony if the plaintiff has non-exertional limitations. The plaintiff's reliance on this case is
6  misplaced. *Reddick* merely requires the use of a vocational expert in cases where the Grids do not
7  completely and accurately describe the plaintiff's limitations. *Id.* In that case, the court held that
8  the ALJ's exclusive reliance on the Grids in the presence of non-exertional limitations was
9  erroneous. *Id.* The plaintiff has failed to demonstrate that the Grids cannot completely and
10 accurately describe his limitations. Furthermore, the ALJ did not rely exclusively upon the Grids
11 but relied upon the fact that the plaintiff worked in his business in 2002. The court should therefore
12 adopt the Report and Recommendation's finding that the ALJ's determination of the plaintiff's
13 residual functional capacity was proper.

### III. ORDER

15  Therefore, it is now

16  **ORDERED** that the Report and Recommendation is adopted, and the Commissioner's
17 denial of benefits is **AFFIRMED**.

18  The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel
19 of record and to any party appearing pro se at said party's last known address.

20  DATED this 3rd day of October, 2005.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER - 3